**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| JEROME BREWER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| GC SERVICES, LP, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S COMPLAINT**

Plaintiff, JEROME BREWER ("Plaintiff"), through his attorney, RILEY L. FENNER, alleges the following against Defendant, GC SERVICES, LP ("Defendant"):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §1331 and the FDCPA, 15 U.S.C. §1692k.
3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."
4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

**PARTIES**

5. Plaintiff is a natural person residing in Presque Isle, Aroostook County, Maine.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a business entity engaged in the collection of debt within the State of Maine.

11. Defendant is a Delaware Limited Partnership with its headquarters in Houston, Harris County, Texas. *See Ravenscraft v. GC Services, LP*, U.S. Dist. Ct., E.D. Mich., Case No. 2:13-cv-11710, Dkt. Entry 8 (Defendant's Answer) at ¶12.

12. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

13. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

14. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

15. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties. *See Ravenscraft v. GC Services, LP*, Defendant's Answer at ¶16.

16. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

18. Defendant is attempting to collect a consumer debt from Plaintiff.

19. The alleged debt owed arises from transactions for personal, family, and household purposes.

20. Within the last year, Defendant was hired to collect on the alleged debt.

21. Defendant called Plaintiff at 207-764-15xx in an attempt to collect on the alleged debt.

22. Within one (1) year of Plaintiff filing this Complaint, Defendant communicated with Plaintiff in an attempt to collect on the alleged debt.

23. Within one (1) year of Plaintiff filing this Complaint, Defendant left Plaintiff at least two voicemail messages regarding the alleged debt.

24. Within one (1) year of Plaintiff filing this Complaint, Defendant left the following voicemail message for Plaintiff, "Hey Jerome Brewer, this is Steven [inaudible]. Please give me a call back at 800-652-7681. Thank you."

25. Within one (1) year of Plaintiff filing this Complaint, Defendant also left the following voicemail message for Plaintiff, "Hi Jerome Brewer, this is Kevin Sadasky. Please give me a call back at 800-285-3417. Thank you."

26. Defendant's collectors that left the messages transcribed in paragraphs 24 and 25 were working within the scope of their employment when they communicated with Plaintiff in an attempt to collect a debt.

27. Defendant's messages for Plaintiff do not state that the call is from GC Services, LP.

28. Defendant's messages for Plaintiff do not state that the collector is attempting to collect a debt.

29. Defendant's collectors that left the messages transcribed in paragraphs 24 and 25 are familiar with the FDCPA.

30. Defendant's collectors that left the messages transcribed in paragraphs 24 and 25 know the FDCPA requires debt collectors to identify the company's name when placing a telephone call.

31. Defendant's collectors that left the messages transcribed in paragraphs 24 and 25 know the FDCPA requires debt collectors to state that the communication is an attempt to collect a debt when leaving consumers a voicemail message.

32. The telephone number of 800-652-7681 and 800-285-3417 are two of Defendant's telephone numbers.

33. Defendant maintained a Call Detail Search regarding Plaintiff's Account.

34. Defendant maintained an Account Detail Listing regarding Plaintiff's Account.

35. Defendant maintains an insurance policy with CNA under which CNA may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy the judgment.

36. Defendant recorded all of its telephone communications with Plaintiff regarding the Account.

37. Defendant recorded all of its telephone communications with third parties regarding the Account.

38. Defendant has in its possession audio recordings made in connection with Defendant's efforts to collect the debt at issue in this matter.

39. In the normal course of business, Defendant does not retain copies of the actual letters it sends to various debtors.

40. Here, Defendant did not retain copies of the actual letters it sent to Plaintiff regarding the Account.

41. Paul Grover, Vice President of Client Management Group for Defendant, has discoverable information regarding the day-to-day business activities and functions of Defendant.

42. Specifically, Paul Grover has information regarding Defendant's policies and procedures regarding voicemail messages Defendant leaves for consumers and for third parties.

43. Additionally, Paul Grover has information regarding Defendant's anticipated affirmative defenses.

44. Specifically, Paul Grover has information regarding Defendant's anticipated bona fide error defense.

45. Per the nationwide Public Access to Court Electronic Records ("PACER") records, Defendant has defended approximately two-hundred four (204) lawsuits throughout the nation in the last year prior to the date Plaintiff filed this Complaint.

46. Within one (1) year of Plaintiff filing this Complaint, Defendant has plead a Bona Fide Error Affirmative Defense in every Answer it has filed in an FDCPA case.

47. In the last three (3) years, Defendant has had over 250 Complaints filed against it with the Better Business Bureau.

48. Defendant has a pattern and practice of not complying with the FDCPA when it leaves voicemail messages for consumers.

49. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message

in *Ravenscraft v. GC Services, LP*, U.S. Dist. Ct., E.D. Mich., Case No. 2:13-cv-11710.

50. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in *Lollie v GC Services, LP*, U.S. Dist. Ct., D. Ariz., Case No. 2:12-cv-02637.

51. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in *Lambeth v. GC Services, LP*, U.S. Dist. Ct., D. Idaho, Case No. 1:13-cv-00084.

52. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in *Pinson v. GC Services, LP*, U.S. Dist. Ct., E.D.N.Y., Case No. 1:13-cv-03570.

53. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in *Babcock v. GC Services, LP*, U.S. Dist. Ct., W.D. Mo., Case No. 5:13-cv-06093.

54. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in *Pratt v. GC Services, LP*, U.S. Dist. Ct., E.D. Tenn., Case No. 3:13-cv-00510.

55. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in *Laile v. GC Services, LP*, U.S. Dist. Ct., N.D. Ga., Case No. 4:13-cv-00199.

56. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in *Travers v. GC Services, LP*, U.S. Dist. Ct., E.D. Mich., Case No. 2:13-cv-13744.

57. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in *Cruz v. GC Services, LP*, U.S. Dist. Ct., W.D. Mich., Case No. 1:13-cv-00984.

58. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in *Martinez v. GC Services, LP*, U.S. Dist. Ct., D. Nev., Case No. 3:13-cv-00518.

59. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in *Eaton v. GC Services, LP*, U.S. Dist. Ct., D. Nev., Case No. 3:13-cv-00519.

60. Defendant did not comply with the FDCPA when it left the plaintiff a voicemail message in *Heyder v. GC Services, LP*, U.S. Dist. Ct., M.D. Tenn., Case No. 3:13-cv-01002.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

61. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt;

    b. Defendant violated §1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity when Defendant left Plaintiff a message that failed to state that call was from GC Services, LP.

    c. Defendant violated §1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

    d. Defendant violated §1692e(10) of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and

    e. Defendant violated §1692e(11) of the FDCPA when Defendant left Plaintiff a voicemail message that did not state the communication was an attempt to collect a debt.

62. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

63. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, JEROME BREWER, respectfully requests judgment be entered against Defendant, GC SERVICES, LP, for the following:

64. Statutory damages of $1,000.00 pursuant to the FDCPA, 15 U.S.C. § 1692k;

65. Costs and reasonable attorneys' fees pursuant to the FDCPA, 15 U.S.C. § 1692k; and

66. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

September 26, 2013

By: /s/Riley L. Fenner

RILEY L. FENNER, ESQ.
Attorney for Plaintiff
220 Snow Hill Road
Appleton, Maine 04862
Tel: 207-785-6222
Fax: 207-470-1009